IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DENNIS MARTIN,**

        **Petitioner,**

v.                                Case No. 21-CV-370-JFH-KEW

**LUKE PETTIGREW, Warden,**

        **Respondent.**

## OPINION AND ORDER

This action is before the Court on Respondent Warden Luke Pettigrew's ("Pettigrew") motion to dismiss Petitioner Dennis Martin's ("Martin") amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Dkt. No. 13; Dkt. No. 25. Martin also has filed numerous motions in the case. Martin is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his conviction in Sequoyah County District Court Case No. CRF-1984-169 for First Degree Murder.

**I.**    **Claims for Habeas Corpus Relief**

Martin raises the following grounds for relief:

    Claim One:    No remedies are available to exhaust. State refuses to obey time limits or mandated processes.

    Claim Two:    Due process or law, equal protection of law, access to courts for habeas corpus suspended by state in all state courts.

    Claim Three:    State law has <u>no</u> jurisdiction inside another soverign [sic] nation, nore [sic] can it violate a treaty between (2) other soverign [sic] nations.

Dkt. No. 13 at 5-7. Based on Martin's attachment to his petition [*Id.* at 12] and the Court's liberal construction of his pleadings, his claims apparently are related to *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. (2020).

The petition clearly is an attack on Martin's 1985 judgment and sentence in Sequoyah County District Court. Therefore, the petition is construed as filed pursuant to 28 U.S.C. § 2254, despite Martin's scratching out "2254" and handwriting "2241" on his amended petition. Dkt. No. 13 at 1. In addition to his first § 2254 petition, which is discussed below, Martin has filed at least three improper § 2241 habeas actions in the Western District of Oklahoma. The Tenth Circuit Court of Appeals previously informed Martin that a challenge to the State's jurisdiction based upon a claim that the crime occurred in Indian Country is not properly raised in a section 2241 habeas petition. *In Martin v. State of Oklahoma*, No. 18-6068, 734 F. App'x 612 (10th Cir. Aug. 14, 2018) (unpublished) [Dkt. No. 26-3], the Tenth Circuit considered an appeal from the Western District of Oklahoma, wherein "Mr. Martin argued, as he had previously, that because his crime was committed by an Indian, against an Indian, and on Indian land, the Oklahoma state court that convicted and sentenced him lacked jurisdiction." *Martin*, 734 F. App'x at 613. Rejecting Martin's argument that such a claim was properly brought in a § 2241 petition, the Tenth Circuit explained:

> We have told Mr. Martin twice before that § 2241 is not the appropriate avenue for this type of claim. *See Martin I* [683 F. App'x] at 730; *Martin II* [725 F, App'x]] at 730. "A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity . . . ." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted). A claim that a state prisoner's conviction is invalid should be brought under 28 U.S.C. § 2254. *See Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Mr. Martin's attack on the state court's jurisdiction challenges the validity of his conviction, not the execution of his sentence. *See id.* His assertion on appeal that he is "actually

innocent," Aplt. Br. at 4, also challenges his conviction.  He therefore cannot obtain relief under § 2241.

*Id*.

Martin's present petition will be analyzed as arising under § 2254.

## II.     Motion for Appointment of Counsel

As an initial matter, Martin has filed a motion requesting the Court to appoint counsel, based on his "Disabilites, Handicaps And State Impediments."  Dkt. No. 35.  He bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment.  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).

The Court has carefully reviewed the merits of Martin's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts.  *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)).  Petitioner claims "his PTSD stressors respondents activated over the years [impede] his ability to THINK, rationalize, concentrate, to walk, type, research & etc . . . ."  Dkt. No. 35 at 1.  Further, there allegedly are only two word processors available and one research computer with no legal books.  *Id.*

"[C]ivil litigants have no right to counsel."  *Witmer v. Grady County Jail*, 483 F. App'x 458, 462 (10th Cir. 2012) (citing *Johnson v. Johnson*, 466 F. 3d 1213, 1217(10th Cir. 2006)).  Despite his alleged disabilities and the alleged limitations in the prison law library, a review of the record shows that Martin has managed to file at least eighteen (18) pleadings and motions in this case, so he does not appear to be hindered in his legal filings.  After considering Martin's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted.  *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.

3

1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  Therefore, Martin's motion for appointment of counsel [Dkt. No. 35] is denied.

### III.   Second or Successive Petition

Pettigrew alleges in his motion to dismiss [Dkt. No. 25] that this Court lacks subject-matter jurisdiction to consider the petition, because it is second and successive.  The record shows that on April 30, 2018, Martin filed his first § 2254 petition for a writ of habeas corpus challenging his Sequoyah County conviction in this Court's Case No. CIV-18-134-JHP-KEW.  Martin raised the following claims in the first petition:

> U.S. Dist. Court, Western Dist. Of Okla., in *Martin v. Bear*, CIV-18-095-D <u>found</u> claims true, ordered they be brought <u>in</u> 2254.  There is no record of any arrest, charges, information, indictment, trial, conviction <u>or</u> sentencing, and no judgment <u>and</u> sentencing order.  Petitioner <u>is</u> Indian--Sequoyah County <u>is</u> Indian Country, Indian Territory, Indian Land, inside an Indian Reservation <u>by</u> <u>Act of Congress</u> of 6/7/1887 (30 Stat. L. 83).

*Martin*, No. CIV 18-134-JHP-SPS, slip op. at 1.  Dkt. No. 26-1 at 1 (emphasis in original).  The petition was denied as time-barred on March 29, 2019, and judgment was entered the same day. Dkt. No. 26-1; Dkt. No. 26-2.  No appeal was filed.

Pettigrew alleges Martin fails to meet his burden of making a prima facie showing that he satisfies the Antiterrorism and Effective Death Penalty Act's (AEDPA) criteria for filing a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)-(3).

Section 2244(b) states:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

4

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
. . .

28 U.S.C.A. § 2244(b).

Pettigrew specifically alleges Martin has failed to show that the factual basis for his jurisdictional claim was undiscoverable by the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2)(B). Martin clearly is aware of the location where he committed his crime, but he makes no effort to explain how or when he became aware of the facts supporting his claim that the crime scene was located in Indian Country. *See Dopp v. Martin*, No. 18-CV-152-CVE-FHM, 2018 WL 2750228, *2 (N.D. Okla. Jun. 7, 2018) (unpublished) (in the context of a second or successive habeas petition, § 2244(d)(1)(D) was not applicable because the petitioner knew his house was located within the Seneca-Cuyoga tribal lands, and his claims stemmed from the results of a search warrant executed at that house, and his cited case law existed at the time of his trial and may have

5

supported his claims; his lack of understanding of the legal significance of the cited authority to his facts did not negate that he was aware of the factual predicate of his claims). *See also Hunter v. Pettigrew*, No. 20-CV-0367-TCK-JFJ, 2021 WL 1873460, *3 (N.D. Okla. Apr. 2, 2021) (unpublished) (rejecting a second or successive habeas petition alleging the State of Oklahoma lacked jurisdiction in light of *McGirt* where "Hunter did not obtain the requisite permission to file a second § 2254 petition challenging the judgment and sentence entered against him in Craig County District Court Case No. CF-2006-37" resulting in "an unauthorized second § 2254 habeas petition that must be dismissed . . . for lack of jurisdiction").

The Tenth Circuit analyzed a similar issue in *In re Davis*, No. 21-7030 (10th Cir. July 6, 2021) (unpublished) (Dkt. No. 26-4). In *Davis*, the Tenth Circuit considered a habeas petitioner's request for authorization to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)(A) to raise an Indian Country claim based on *McGirt*. The Tenth Circuit rejected the petitioner's argument and reasoned, "We may grant authorization if Mr. Davis shows that his 'claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2244(b)(2)(A). He has not made this showing." Dkt. No. 26-4 at 2. *See also In re Morgan*, No. 20-6123 at 4 (10th Cir. Sept. 18, 2020) (unpublished) [Dkt. No. 26-5 at 4] (same; second or successive petition based upon *McGirt* was unauthorized where "the Supreme Court has not held that *McGirt* is retroactive").

Consequently, this Court has no subject-matter jurisdiction over Martin's successive petition, where he failed to obtain the necessary pre-authorization from the Tenth Circuit to file it. Although this Court could transfer the petition to the Tenth Circuit for consideration, such a transfer would be unwarranted, because Martin fails to meet his burden of making a prima facie

showing that he satisfies the AEDPA criteria to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)-(3).

Further, in *Martin*, No. CIV 18-134-JHP-KEW, this Court found that Martin's one-year limitation period for filing a habeas corpus petition for his 1985 conviction under the AEDPA expired on April 24, 1997, and he was not entitled to statutory or equitable tolling. *See* Dkt. No. 26-1 at 2-4. Therefore, his first habeas petition, filed in 2018, was untimely. *Id*. This second petition is even more untimely than the first. Accordingly, it would be a waste of judicial resources to transfer Martin's Petition to the Tenth Circuit for authorization to file a frivolous second or successive petition. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (10th Cir. 1999); *In re Cline*, 531 F.3d at 1251-52).

In addition to omitting the fact that this is his second attempt to seek habeas corpus relief for his Sequoyah County conviction, Martin does not demonstrate that he received prior approval from the Tenth Circuit to file a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). Nor did a Tenth Circuit docket search by the undersigned reveal any request for or grant of authorization to file. Therefore, under 28 U.S.C. § 2244(b), the present Petition should be dismissed, as Martin has neither sought nor received authorization from the Tenth Circuit to proceed. Accordingly, this Court has no jurisdiction to consider the merits of the petition. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . claim until this court has granted the required authorization."); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Martin also has failed to show that the factual basis for his claim was undiscoverable by the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). As stated above, he clearly is aware of the location of his crime, however, he makes no effort to explain how or when he became aware of the facts supporting his claim that the crime scene was located in Indian Country. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (Petitioner Preston clearly was aware of the factual basis of his claim years before he filed his habeas petition, and thus nothing in the new cases he relied upon "alerted Preston to any *factual* basis for his claim" such that § 2244(d)(1)(D) applied) (emphasis in original). The mere fact that Martin raises a claim regarding the State's subject-matter jurisdiction authority in his second or successive petition does not exempt the petition from the requirements set forth in 28 U.S.C. § 2244(b). *See Hunter v. Pettigrew*, No. 20-CV-367-TCK-JFJ, 2021 WL 1873460, *3 (N.D. Okla. Apr. 2, 2021) (unpublished) (rejecting a second or successive habeas petition alleging the State of Oklahoma lacked subject-matter jurisdiction in light of *McGirt*, "[b]ecause Hunter did not obtain the requisite permission to file a second § 2254 petition challenging the judgment and sentence entered against him in [the state district court] . . . the Court finds that the instant § 2254 habeas petition must be dismissed . . . for lack for lack of jurisdiction").

It is Martin's burden to demonstrate that he satisfies the criteria for filing a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). The present petition is unauthorized, because Martin failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A). His failure to obtain authorization is undisputed,

8

leaving only the question of whether to dismiss the petition for lack of jurisdiction or, "if it is in the interest of justice," transfer the petition to the Court of Appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). As stated above, however, it would be a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id*. at 1252 (citing *Phillips*, 173 F.3d at 610).

## IV.   Statute of Limitations

The Supreme Court made it clear in *McGirt* that state and federal procedural bars still apply to claims concerning Indian Country. *See McGirt*, 140 S. Ct. 2479 ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings." (footnote omitted)); *see also id.* at 2481 ("Many other legal doctrines--procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored under a mistaken understanding of the law."). One such federal limitation is the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d).

As stated above, in its Opinion and Order in Case No. CIV 18-134-JHP-KEW, this Court found that Martin's one-year limitations period to file a habeas corpus petition expired on April 24, 1997, one year after the effective date of the AEDPA. Dkt. No. 26-1 at 2]. The Court stated:

> Respondent points out that Petitioner raised a claim concerning the facts that he is an Indian and that his crime occurred in Indian Country in the pleading filed on June 2, 2017, more than two months before the Tenth Circuit's initial decision in *Murphy* [*v. Royal*, 866 F.3d 1164 (10th Cir. 2017)]. Respondent further argues that Petitioner's repeated reliance in state court on the February 18, 1992, *Cravatt* decision alters the analysis for the statute of limitations. Therefore, Petitioner's claim concerning Indian Country was available to him when the *Cravatt* decision was issued, and this habeas claim could have been discovered more than 27 years ago. Therefore, the Indian Country claim also is time barred.

9

*Martin*, No. CIV 18-134-JHP-KEW [Dkt. No. 26-1 at 6] (citing *Cravatt v. State*, 825 P.2d 277 (Okla. Crim. App. 1992) (holding that State of Oklahoma did not have jurisdiction to prosecute defendant for crime of murder committed by Indian on restricted Indian lands)).

Since this Court found Martin's first habeas petition was time barred, other Courts have agreed that claims challenging the State's subject-matter jurisdiction can be time barred. *See Berry v. Braggs*, 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *6-7 (N.D. Okla. Oct. 22, 2020) (unpublished) ("Because the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim, § 2244(d)(1)(C) does not apply to that claim."); *Sampson v. Dowling*, No. 20-CV-0361-JED-CDL, 2021 WL 1318662, at *3 & n.7 (N.D. Okla. Apr. 8, 2021) (unpublished) (finding the habeas petitioner's jurisdictional challenge was time-barred under the AEDPA and refusing the petitioner's assertion that his claim could be raised "at any time" notwithstanding the time constraints of § 2244(d)(1)); *Hayes v. Bear*, No. CIV-18-391-D, 2018 WL 2943459, at *2 (W.D. Okla. Jun. 12, 2018) (unpublished) (finding that although Petitioner attempted to raise an Indian Country claim, "[n]one of Petitioner's claims are based on newly-discovered facts."); *Hyslop v. Nunn*, No. CIV-21-045-RAW-KEW, 2022 WL 686308, at *6 (E.D. Okla. Mar. 8, 2022) (unpublished) ("Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020-- the date of the *McGirt* decision-- as the starting date for his one-year limitation period.").

As in his first habeas case in this Court, Martin cannot demonstrate he is entitled to any equitable tolling to overcome the statute of limitations. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).

"[A] petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 981 (1998) (equitable tolling not justified by fact that petitioner did not know about AEDPA time limitation). The Court finds Martin has not been diligent, and he brought this action more than two (2) years after his first time-barred habeas action was denied.

The Court further finds there is no evidence in the record to suggest that uncontrollable circumstances impeded Martin from timely filing his federal claim or that he is actually innocent of the crime to which he entered a plea of nolo contendere. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (finding the petitioner's "plea of guilty simply undermines" his actual innocence claim.); *see also* Docket Sheet for Sequoyah County District Court Case No. CRF-1984-169 at htttps://www.oscn.net (indicating Martin's plea of guilty on May 1, 1985).

V. **Martin's Motions for Declaratory Judgment**

Martin also has filed four (4) motions for declaratory judgment regarding alleged constitutional questions. Dkt. No. 12; Dkt. No. 14; Dkt. No. 19; Dkt. No. 31. All of these motions are confusing, redundant, and inappropriate for this § 2254 action.

The first motion is titled, "Motion for Declaratory Judgment On Following Material Fact Constitutional Questions of Law." Dkt. No. 12. Martin asks the following questions:

> If the United States IS a Sovereign Nation, NOT at war with any SOVEREIGN Nation of Indians inside America today, and a Sovereign Nation has an international law, Or constitutional right to keep a Nation/State from invading it's lands and seizing persons, then removing them to another Sovereign Nations lands for detention, without the Invaded Nations having given a Charter, Decree, or Court order allowing it, IS THAT a 2241 matter?
>
> If a Sovereign Nation does not ask another Sovereign Nation to take over prosecution of persons for violating it's own laws, how can the 2nd. Sovereign nation (U.S.) hear cases in it's Courts that only violate a 3rd. Sovereign Nation State, (Okla.) who has a constitutional Clause baring that Nation/State from jurisdiction over the Seized person?*Id.* at 1 (spelling in original). Martin's motion continues with allegations that the State of Oklahoma invades the Creek/Muskogee and Cherokee Nations territory, seized him without an order from a court with jurisdiction, removed him to another sovereign nation, and now detains him as a "VICTIM of hate crimes, race discrimination and Religious discrimination and a PRISONER OF WAR . . . ." *Id.* He also questions whether the United Nations should invade the nations involved and free the detainees.

Dkt. No. 12 at 2.

In Martin's second motion for declaratory judgment, he essentially repeats the first motion and asks whether the situation he has described is a § 2241 federal habeas matter, a state habeas matter, or a United nations matter. Dkt. No. 14 at 1. On the first page of Martin's third motion for declaratory judgment, Martin has handwritten "2241-HABEAS-<u>not</u>-2254." Dkt. No. 19 at 1. Again, Martin repeats his claims regarding the removal of Indians to another sovereign nation for detention. *Id.* Finally, in Martin's fourth motion for declaratory judgment, he claims he is disabled and has been denied his due process and constitutional rights, and that as a pro se litigant, he cannot be required to use "prefabricated forms." Dkt. No. 31. Again, he presents unsupported and frivolous allegations about legitimacy of his conviction and incarceration, and he claims there is no record of his arrest, trial, or sentencing. *Id.*

After review of the motions, the Court finds they are not "appropriate pleadings" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Further, even if the Court were to examine the merits of Martin's motions, they would fail. These motions make the same repetitive, meritless arguments as the habeas petition and Martin's numerous other motions. Therefore, the motions [Dkt. No. 12; Dkt. No. 14; Dkt. No. 19; Dkt. No. 31] must be denied.

## VI. Martin's Petition for Habeas Corpus on Discharged Sentences

Martin has filed a "Petition For Habeas Corpus on Discharged Sentences," complaining about procedures with the parole board and the calculation of his sentence. Dkt. No. 20. To the extent he is attempting to amend his petition to add another claim concerning the execution of his sentence, the claim is not appropriate for this § 2254 challenge to his conviction. Such a claim regarding the execution of his sentence must be presented in a separate habeas petition pursuant to 28 U.S.C. § 2241. *See Jones v. Hannigan*, 1 F. App'x 856, 858 (10th Cir. Jan. 9, 2001) (unpublished) ("[C]hallenges to parole procedures concern the execution of a petitioner's sentence and therefore must be brought under 28 U.S.C. § 2241.") (citing *United States v. Furman*, 112 F.3d 435, 438-39 (10th Cir. 1997)). Martin's Petition For Habeas Corpus on Discharged Sentences [Dkt. No. 20] is denied without prejudice.

## VII. Martin's Objection to Mr. Peeper [Pettigrew's counsel] and Motion for Summary Judgment Granting Immediate Release

Martin has filed a frivolous motion for summary judgment granting release and objection to Mr. Peeper, who represents the respondent. Dkt. No. 21. Martin alleges Pettigrew's counsel is unable to understand the difference between a § 2241 detention and a § 2254 conviction/sentencing case. To the extent Martin also is complaining that he cannot access the prison law library or get other assistance with his legal issues, such claims are inappropriate for a habeas corpus case but may be raised in a civil rights action under 42 U.S.C. § 1983.

Martin asks the Court to order Pettigrew's counsel to appear before the Court to litigate Martin's detention issue and to grant his immediate release. Because Martin has not made any reasoned arguments in the motion and this action is being dismissed, Martin's motion for summary judgment [Dkt. No. 21] is denied as moot.

### VIII.    Martin's Motion for Order of Release

Martin also has filed a "Motion for Order of Release, Based on the 11/16/2022 Act of The United States Congress, TO uphold and Enforce a 1835 Treaty With A Sovereign Indian Nation, Motion to uphold and Enforce Other Treaties" (spelling and punctuation in original). Dkt. No. 32. Again, Martin is arguing he is entitled to release from custody under the terms of certain treaties, however, the Court has explained above why he is not eligible for such relief. Therefore, this motion also is denied as moot.

### IX.    Certificate of Appealability

The Court further finds Martin has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Martin is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

THEREFORE, IT IS HEREBY ORDERED that:

- Martin's motion for appointment of counsel [Dkt. No. 35] is DENIED.
- Pettigrew's motion to dismiss for lack of subject-matter jurisdiction [Dkt. No. 25] is GRANTED.
- Martin's motions for declaratory relief [Dkt. No. 12; Dkt. No. 14; Dkt. No. 19; Dkt. No. 31] are DENIED.

- Martin's petition for habeas corpus on discharged sentences [Dkt. No. 20] is DENIED without prejudice.

- Martin's motion for summary judgment [Dkt. No. 21] and his motion for order of release are DENIED as moot.

- Martin's motion for order of release [Dkt. No. 32] is DENIED.

- Martin is DENIED a certificate of appealability.

Dated this 29th day of March 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE